UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

* * * * * * * * * * * * * * * * * * * *
ELIA S. THORNTON            *
         Plaintiff          *
                            *   05 - 11858 NG
v.                          *   MAGISTRATE JUDGE Collins  COMPLAINT
                            *
SONESTA INTERNATIONAL       *
HOTELS CORPORATION          *
         Defendant          *
* * * * * * * * * * * * * * * * * * * *

RECEIPT # _____
AMOUNT $ 250
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FOR _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 9/14/05

## JURISDICTION

1. Plaintiff brings this action pursuant to 28 U.S.C.A s. 1332(a)(2) and 28 U.S.C.A 1333.

2. This Court has jurisdiction over this action based upon diversity of citizenship and amount. Plaintiff is a citizen of the United Kingdom and defendant is a corporation incorporated under the laws of the State of New York and having its principal place of business in the Commonwealth of Massachusetts.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

4. Jurisdiction is alternatively proper founded upon the maritime or admiralty character of this claim, to wit: the complained of events took place aboard of ship of international registry operating in navigable waters.

## PARTIES

5. The plaintiff, Elia S. Thornton (hereinafter "Plaintiff"), is a married individual, currently residing at Holme Close, Whitelands Cres, Baildon, BD17 6NN, United Kingdom.

6. The defendant, Sonesta International Hotels Corporation (hereinafter "Sonesta"), is and was at all relevant times, a corporation whose principal place of business is 116 Huntington Avenue, Boston, Suffolk County, Massachusetts.

7. Sonesta is the owner of the Sonesta Sun Goddess (hereinafter "Sun Goddess"), and operated that vessel at all times relevant to this action.

## STATEMENT OF THE FACTS

8. On or about November 20, 2004 to November 24, 2004, the Plaintiff, Mrs. Elia S. Thornton, along with her husband and two friends, took a four-night cruise in Egypt aboard the Sun Goddess.

9. The Sun Goddess is equipped with a main dining room, lounge, and sun deck snack bar. Through these venues the Sun Goddess sells food and beverages for human consumption.

10. On or about November 22, 2004, as a result of consuming food and beverage at the Sun Goddess buffet, Plaintiff began experiencing acute and extremely distressing dysentery-like symptoms, including: fever, diarrhea, vomiting and fatigue. She suffered loss of appetite and total body weakness, which continued for the remainder of the trip and approximately two weeks thereafter.

11. On the evening of November 22, 2004, Mrs. Thornton was examined by the Sun Goddess's doctor, Dr. Ashraf Zahi.

12. Mrs. Thornton took all meals aboard the vessel. Only sealed bottles of water, from established outlets and not street vendors, were purchased off of the vessel.

## COUNT I – PRODUCT LIABILITY UNDER NEGLIGENCE
## ELIA S. THORNTON VS. SONESTA INTERNATIONAL HOTELS CORPORATION

13. The Plaintiff, Elia S. Thornton, re-alleges and incorporates as is fully stated herein, paragraphs one (1) through eleven (12) of this Complaint.

14. The Defendant, Sonesta, had a duty to ensure food or beverage products provided to Sun Goddess' passengers were fit for human consumption.

15. Sonesta breached that duty in failing to take reasonable steps to discover the unfitness of food stuffs provided to the Plaintiff.

16. As a direct and proximate result of the Defendant's conduct in providing such unfit food stuffs, the Plaintiff suffered serious personal injuries to her body, suffered great pain of body and mind, was prevented from engaging in her usual activities for a period of time, and was otherwise grievously injured.

WHEREFORE, the plaintiff, Elia S. Thornton, demands judgment against the defendant, Sonesta International Hotels Corporation, in an amount that the Court determines to be mete and just to fairly compensate the plaintiff for her damages, together with Attorneys fees, cost and expenses with interest thereon.

## COUNT II – NEGLIGENCE BY RES IPSA LOQUITUR
## ELIA S. THORNTON VS. SONESTA INTERNATIONAL HOTELS CORPORATION

17. The Plaintiff, Elia S. Thornton, re-alleges and incorporates as is fully stated herein, paragraphs one (1) through sixteen (16) of this Complaint.

18. The Defendant, Sonesta, had a duty to ensure food or beverage products provided to Sun Goddess' passengers were fit for human consumption.

19. The food and beverage products provided to the Plaintiff were peculiarly within the control, and under the direction of, the Defendant.

20. The events and circumstances complained of would, in all probability, not have occurred in the absence of lack of due care on the part of the Defendant and, as such, negligence on the part of the Defendant is presumed.

21. As a direct and proximate result of the Defendant's conduct in providing such unfit food stuffs, the Plaintiff suffered serious personal injuries to her body, suffered great pain of body and mind, was prevented from engaging in her usual activities for a period of time, and was otherwise grievously injured.

WHEREFORE, the plaintiff, Elia S. Thornton, demands judgment against the defendant, Sonesta International Hotels Corporation, in an amount that the Court determines to be mete and just to fairly compensate the plaintiff for her damages, together with Attorneys fees, cost and expenses with interest thereon.

### COUNT III – STRICT PRODUCT LIABILITY IN TORT
### ELIA S. THORNTON VS. SONESTA INTERNATIONAL HOTELS CORPORATION

22. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through twenty-one (21) as if set forth herein in their entirety.

23. At all times relevant to this complaint, Defendant was a corporation organized and existing by virtue of the laws of Massachusetts, authorized to do business in the State of Massachusetts, and in Suffolk County, and was engaged in the business of selling or introducing into the stream of commerce food and beverage products intended for human consumption.

24. At all times mentioned in this complaint, Defendant was organized to do business, and was doing business, in the Nile, Egypt, and was engaged in the business of selling or introducing into the stream of commerce food and beverage products served aboard the Sun Goddess intended for human consumption.

25. On or about November 20, 2004, Plaintiff consumed food and beverage served aboard the Sun Goddess. These items were placed into the stream of commerce by the Defendant's action in serving them aboard the Sun Goddess.

3

26. The abovementioned food or beverage served at the buffet aboard the Sun Goddess was obtained by Plaintiff in substantially the same condition in which it was sold or placed into the stream of commerce by Defendant.

27. The abovementioned food or beverage product was intended for human consumption, and Defendant knew that the product was to be consumed without inspection for defects.

28. The abovementioned food or beverage product was, at the time obtained by Plaintiff, unfit for consumption, defective, and unreasonably dangerous because it caused Plaintiff to be violently ill.

29. The abovementioned food or beverage product's condition did not substantially change between leaving the Defendant's exclusive control and reaching the Plaintiff for consumption.

30. As a direct and proximate result of consuming the aforementioned defective and unreasonably dangerous food or beverage product served at the buffet aboard the Sun Goddess, the Plaintiff suffered severe and serious personal injuries to her body, suffered great pain of body and mind, was prevented from enjoying the benefits of her vacation or engaging in her usual activities for a period of time, and was otherwise grievously injured

WHEREFORE, the Plaintiff, Elia S. Thornton, demands judgment against the Defendant, Sonesta International Hotels Corporation, in an amount that the Court determines to be mete and just to fairly compensate the Plaintiff together with Attorneys fees, costs, expenses and interest thereon.

### COUNT IV - BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY
### ELIA S. THORNTON V. SONESTA INTERNATIONAL HOTELS CORPORATION

31. Plaintiffs incorporate by reference the allegations contained in paragraphs one (1) through thirty-two (32) as if set forth herein in their entirety.

32. Plaintiff and Defendant were in privity of contract at all relevant times, by virtue of the binding agreement amongst them for the provision of travel accommodations, including lodging, tours, and meals, in exchange for monetary compensation.

33. Defendant Sonesta was a merchant with respect to food or beverage products served at the buffet aboard the Sun Goddess.

34. The food or beverage products served at the buffet aboard the Sun Goddess was sold by the Defendant, and purchased by the Plaintiff, for the purpose of human consumption.

4

35. The Defendant impliedly warranted that the food or beverage products served at the buffet aboard the Sun Goddess were of good and merchantable quality and fit for human consumption.

36. The food or beverage products served at the buffet aboard the Sun Goddess were unwholesome, deleterious to health, and unfit for human consumption because consumption thereof caused the Plaintiff to experience severe physical illness. These products therefore breached the warranty of merchantability.

37. As a direct and proximate result of consuming the aforementioned defective and unreasonably dangerous food or beverage product served at the buffet aboard the Sun Goddess, the Plaintiff suffered severe and serious personal injuries to her body, suffered great pain of body and mind, was prevented from enjoying the benefits of her vacation or engaging in her usual activities for a period of time, and was otherwise grievously injured

38. On or about June 24, 2005, Plaintiff gave notice of breach of the implied warranty to Defendant.

WHEREFORE, the Plaintiff, Elia S. Thornton, demands judgment against the Defendant, Sonesta International Hotels Corporation, in an amount that the Court determines to be mete and just to fairly compensate the Plaintiff together with Attorneys fees, costs, expenses and interest thereon.

### COUNT V - BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### ELIA S. THORNTON VS. SONESTA INTERNATIONAL HOTELS CORPORATION

39. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through forty-one (41) as if set forth herein in their entirety.

40. The Defendant impliedly warranted that the food or beverage products served at the buffet aboard the Sun Goddess were of good and merchantable quality and fit for the purpose of human consumption.

41. The Plaintiff purchased these food or beverage products for the same purpose, to wit: human consumption.

42. The food or beverage products served aboard the Sun Goddess were not fit for the purpose of human consumption because consumption thereof caused the Plaintiff to experience severe physical illness. These products therefore breached the warranty of fitness for particular purpose.

43. As a direct and proximate result of consuming the aforementioned defective and unreasonably dangerous food or beverage product served at the buffet aboard the Sun

Goddess, the Plaintiff suffered severe and serious personal injuries to her body, suffered great pain of body and mind, was prevented from enjoying the benefits of her vacation or engaging in her usual activities for a period of time, and was otherwise grievously injured

44. On or about June 24, 2005, Plaintiff gave notice of breach of the implied warranty to Defendant.

WHEREFORE, the Plaintiff, Elia S. Thornton, demands judgment against the Defendant, Sonesta International Hotels Corporation, in an amount that the Court determines to be mete and just to fairly compensate the Plaintiff together with Attorneys fees, costs, expenses and interest thereon.

### COUNT VI – 93A VIOLATION OF CONSUMER PROTECTION
### ELIA S. THORNTON VS. SONESTA INTERNATIONAL HOTEL CORPORATION

45. Plaintiffs incorporate by reference the allegations contained in paragraphs one (1) through forty-eight (48) as if set forth herein in their entirety.

46. Sonesta negligently served food or beverage not fit for consumption and the Plaintiff consumed said food or beverage and became violently ill as a result.

47. On or about June 24, 2005, the Plaintiffs notified the Defendant of the preceding counts, by sending a demand letter certified mail return receipt requested #70002870000067244922 pursuant to M.G.L. Chapter 93A that the plaintiff was demanding $100,000.00 or some reasonable offer within thirty days to settle this matter. This letter was received on June 27, 2005. (see *Exhibit A* attached hereto, and incorporated herein).

48. The Defendant responded to the Plaintiff's offer on July 7, 2005 by offering the Plaintiffs a complimentary Nile Sonesta cruise. By refusing to provide a fair offer in compromise response, the Defendant has acted wrongfully and committed an act which constitutes an unfair and deceptive practice in violation of M.G.L. Chapter 93A sec 2 and 9 and M.G.L. chapter 176D.

49. As a result, the Plaintiffs have been damaged.

WHEREFORE, Plaintiff seeks damages, treble damages, court costs, costs, attorney's fees and any other legal or equitable relief that this Honorable Court deems proper. Plaintiff demands judgment against the Defendant in the amount of One Hundred Thousand ($100,000.00) Dollars or such amount that this Court deems mete and just and triple such amount as provided by G.L. Chapter 93A, Section 9, together with interest, costs, and Attorney's fees to fairly compensate your plaintiff

**PLAINTIFF RESERVES THE RIGHT TO A JURY TRIAL**

Respectfully submitted,
ELIA S. THORNTON
By Her Attorney,

*/s/ Neil V. Madden*

Neil V. Madden
Madden Law Office
14 Dorchester Street
Boston, MA 02127
(617) 269-1408
BBO #561716

Dated: September 12, 2005

7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Elia S. Thornton v. Sonesta International Hotels Corp._

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
    740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

    ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
    315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
    380, 385, 450, 891.

    ☐ IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
    690, 810, 861-865, 870, 871, 875, 900.

    ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐    NO ☒
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐    NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☒    NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
    Eastern Division ☒    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
    Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Neil V. Madden_
ADDRESS _14 Dorchester St. Boston, MA 02127_
TELEPHONE NO. _(017-2109-1408_

(CategoryForm.wpd - 5/2/05)

✇JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**: Elia S. Thornton

**DEFENDANTS**: SONESTA INTERNATIONAL HOTELS CORP.

APPENDIX B   CIVIL COVER SHEET

**(b)** County of Residence of First Listed Plaintiff: WEST YORKSHIRE, UK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: SUFFOLK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number):
Neil V. Madden
Madden Law Office   (617-269-1408)
14 Dorchester St
Boston, MA 02127

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332 — Civil Action, exceeding $75,000 in controversy, between citizen of a state and citizen of foreign state.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 100,000.00    JURY DEMAND: ☒ Yes ☐ No    CHECK YES only if demanded in complaint:

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____