## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ELIA S. THORNTON | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-11858 NG |
| | ) | |
| SONESTA INTERNATIONAL HOTELS | ) | |
| CORPORATION | ) | |
| | ) | |

## ANSWER OF DEFENDANT SONESTA INTERNATIONAL
## HOTELS CORPORATION

1. Paragraph 1 states a conclusion of law which requires no answer. If an answer be required, Defendant, Sonesta International Hotels Corporation, ("Sonesta") would deny there is jurisdiction based on 28 U.S.C. §1332(a)(3) because there is not $75,000 in dispute exclusive of interests and costs. As to jurisdiction based on 28 U.S.C. §1333, Sonesta denies there is jurisdiction pursuant to 28 U.S.C. §1333.

2. Sonesta repeats and realleges its answer to paragraph 1. And answering further, Sonesta is without knowledge as to plaintiff's citizenship. Sonesta admits it is a corporation with a principal place of business in the Commonwealth of Massachusetts.

3. Paragraph 3 states a conclusion of law which requires no answer. If an answer be required, Sonesta denies there is jurisdiction based on 28 U.S.C. §1332(a)(3).

4. Paragraph 4 states a conclusion of law which requires no answer. If an answer be required, Sonesta denies there is jurisdiction based on 28 U.S.C. §1333.

5. Sonesta is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 5 and therefore denies same.

6. Sonesta admits it is a corporation with a principal place of business at 116 Huntington Avenue, Boston, Massachusetts.

7. Sonesta denies the allegations in paragraph 7.

8. In answer to paragraph 8, Sonesta admits only that plaintiff was on board as a passenger on the SUN GODDESS on or about November 20, 2004 to on or before November 24, 2004. Sonesta is without information as to the remaining allegations of paragraph 8 and therefore denies same.

9. Sonesta denies the allegations in paragraph 9.

10. Sonesta denies the allegations in paragraph 10.

11. Sonesta admits that on or about November 22, 2004 plaintiff was examined by Dr. Ashraf Zahi on board the SUN GODDESS.

12. Sonesta is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 12 and therefore denies same.

## COUNT I

13. Sonesta repeats and realleges its answers to paragraphs one through twelve inclusive as if fully set out herein.

14. Sonesta denies the allegations in paragraph 14.

15. Sonesta denies the allegations in paragraph 15.

16. Sonesta denies the allegations in paragraph 16.

## COUNT II

17. Sonesta repeats and realleges its answers to paragraphs one through sixteen inclusive as if fully set out herein.

18. Sonesta denies the allegations in paragraph 18.

19. Sonesta denies the allegations in paragraph 19.

20. Sonesta denies the allegations in paragraph 20.

21. Sonesta denies the allegations in paragraph 21.

## COUNT III

22. Sonesta repeats and realleges its answers to paragraphs one through twenty-one inclusive as if fully set out herein.

23. Sonesta denies the allegations in paragraph 23.

24. Sonesta denies the allegations in paragraph 24.

25. Sonesta is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 25 and therefore denies same.

26. Sonesta is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 26 and therefore denies same.

27. Sonesta denies the allegations in paragraph 27.

28. Sonesta denies the allegations in paragraph 28.

29. Sonesta is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 29 and therefore denies same.

30. Sonesta denies the allegations in paragraph 30.

## COUNT IV

31. Sonesta repeats and realleges its answers to paragraphs one through thirty inclusive as if fully set out herein.

32. Sonesta denies the allegations in paragraph 32.

33. Sonesta denies the allegations in paragraph 33.

34. Sonesta denies the allegations in paragraph 34.

35. Sonesta denies the allegations in paragraph 35.

36. Sonesta denies the allegations in paragraph 36.

37. Sonesta denies the allegations in paragraph 37.

38. Paragraph 38 states a conclusion of law which requires no answer. Answering further, Sonesta admits only it received a letter dated June 24, 2005 alleging that Mrs. Thornton became ill on or about November 22, 2005 (*sic*) after eating dinner on t he SUN GODDESS.

## COUNT V

39. Sonesta repeats and realleges its answers to paragraphs one through thirty-nine inclusive as if fully set out herein.

40. Sonesta denies the allegations in paragraph 40.

41. Sonesta denies the allegations in paragraph 41.

42. Sonesta denies the allegations in paragraph 42.

43. Sonesta denies the allegations in paragraph 43.

44. Paragraph 44 states a conclusion of law which requires no answer. Answering further, defendant states that it received a letter dated June 24, 2005 alleging that Mrs. Thornton became ill on or about November 22, 2005 (*sic*) after eating dinner on t he SUN GODDESS.

## COUNT VI

45. Sonesta repeats and realleges its answers to paragraphs one through forty-four inclusive as if fully set out herein.

46. Sonesta denies the allegations in paragraph 46.

47. In answer to paragraph 4, Sonesta admits only it received a letter dated June 24, 2005 described as "a demand letter pursuant to Massachusetts General Laws 93A." Sonesta denies. See paragraph 48.

48. Defendant admits only that by letter dated July 7, 2005 in an effort for the "Thorntons to feel good about their Sonesta experience", it offered another Nile cruise on a Sonesta

vessel." Sonesta in no way admitted to any of the plaintiff's allegations. Sonesta denies all remaining allegations of paragraph 48.

### FIRST AFFIRMATIVE DEFENSE

And answering further as a first separate and affirmative defense, Sonesta states that if the Plaintiff were injured as alleged, which is denied, her injuries were caused or contributed to by her own negligence and, therefore, she can recover nothing, or, alternatively, any recovery should be reduced by the degree of the her own negligence.

### SECOND AFFIRMATIVE DEFENSE

And answering further as a second separate and affirmative defense, Sonesta states that that if the Plaintiff were injured as alleged, which is denied, said injuries were caused by an act or acts of a third person or persons over whom Sonesta had no knowledge and over which Sonesta had no control.

### THIRD AFFIRMATIVE DEFENSE

And answering further as a third separate and affirmative defense, Sonesta states it made no express warranty to plaintiff by affirmation, promise, sample or otherwise.

### FOURTH AFFIRMATIVE DEFENSE

And answering further as a fourth separate and affirmative defense, Sonesta states that any food or drinks served on the SUN GODDESS were of fair and average quality, fit for human consumption, and were adequately contained, packaged and stored.

### FIFTH AFFIRMATIVE DEFENSE

And answering further as a fifth separate and affirmative defense, Sonesta states that it served suitable food and beverage fit for human consumption by any passenger on board the SUN GODDESS.

### SIXTH AFFIRMATIVE DEFENSE

And answering further as a sixth separate and affirmative defense, Sonesta states that pursuant to 28 U.S.C. §1333, plaintiff is not entitled to a trial by jury.

### SEVENTH AFFIRMATIVE DEFENSE

And answering further as a seventh separate and affirmative defense, Sonesta states that M.G.L. c.93A is not applicable to the facts as alleged in plaintiff's complaint.

### EIGHTH AFFIRMATIVE DEFENSE

And answering further as an eighth separate and affirmative defense, Sonesta states there is improper venue pursuant to FRCP 12b(3).

### NINTH AFFIRMATIVE DEFENSE

And answering further as a ninth separate and affirmative defense, Sonesta states that Plaintiff, by her actions, has waived any claim for injuries against Sonesta.

### TENTH AFFIRMATIVE DEFENSE

And answering further as a tenth separate and affirmative defense, Sonesta states that Plaintiff, by her actions, is estopped from claiming injuries against Sonesta.

### ELEVENTH AFFIRMATIVE DEFENSE

And answering further as an eleventh separate and affirmative defense, Sonesta states that Plaintiff has failed to mitigate her damages.

### TWELFTH AFFIRMATIVE DEFENSE

And answering further as a twelfth separate and affirmative defense, Sonesta states that plaintiff's claim is barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

And answering further and as a thirteenth separate and affirmative defense, Sonesta states that plaintiff has failed to file her suit and/or give notice of any breach of warranty within all applicable statutes of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

And answering further and as a fourteenth separate and affirmative defense, Sonesta states that plaintiff by her actions has acted with unclean hands and therefore can recover nothing from Sonesta.

## FIFTEENTH AFFIRMATIVE DEFENSE

And answering further and as a fifteenth separate and affirmative defense, Sonesta states that plaintiff can recover nothing from the plaintiff by reason of the legal principles of accord and satisfaction.

## SIXTEENTH AFFIRMATIVE DEFENSE

And answering further and as a sixteenth separate and affirmative defense, Sonesta states it is entitled to a set off against any judgment the plaintiff may recover the value of any services it has already provided to the plaintiff for the events complained of in plaintiff's complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And answering further and as a seventeenth separate and affirmative defense, Sonesta states that plaintiff's complaint fails to set forth a cause of action upon which relief can be granted.

WHEREFORE, Sonesta asks this Court to dismiss all counts with costs and award Sonesta its reasonable attorney fees.

SONESTA INTERNATIONAL HOTELS
CORPORATION,
By its attorneys,

Bertram E. Snyder, BBO#471320
LOONEY & GROSSMAN, LLP
101 Arch Street
Boston, Massachusetts 02110
(617) 951-2800

## Certificate of Service

I hereby certify that on this 31st day of ~~November~~ October, 2005, I served the foregoing by mailing
a copy thereof, postage prepaid, to Neil V. Madden, Madden Law Office, 14 Dorchester Street,
Boston, MA 02127.

Bertram E. Snyder